**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

RODNEY A. CAMPBELL,                )
                                   )
            Plaintiff,             )
                                   )
      v.                           )        No. 4:26-cv-158-JSD
                                   )
MADISON COUNTY JAIL, et al.,       )
                                   )
            Defendants.            )

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiff Rodney A. Campbell's Application to Proceed in District Court Without Prepaying Fees or Costs. Based on Plaintiff's financial information, the Court assesses an initial partial filing fee of $1.00. Upon initial review, the Court will dismiss this action for frivolity. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**Initial Partial Filing Fee**

A prisoner bringing a civil action is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner must make monthly payments of 20% of the preceding month's income credited to the prisoner's account. *Id.* § 1915(b)(2). The agency having custody of the prisoner will forward the monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

1

Plaintiff is a pretrial detainee at the St. Charles County Jail. In his signed and sworn motion to proceed without prepaying fees and costs, Plaintiff states that he is not employed, has no income, and has received no money in the past twelve months. ECF No. 3. In support of his motion, Plaintiff submitted a non-certified inmate account statement showing account activity for a one-month period. ECF No. 3-1. According to that statement, Plaintiff has significant debt and minimal funds. Based on the financial information Plaintiff has submitted, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If Plaintiff is unable to pay the initial partial filing fee, he must submit a certified copy of his prison account statement in support of his claim.

## Background

Based on an independent review of Court records, Plaintiff has filed more than 30 civil actions in this Court since December 2025. At least five of these actions have been dismissed as of the date of this Order, and the remainder are still pending. After filing the instant case, Plaintiff filed a nearly identical case on April 8, 2026, in this Court. *Campbell v. Sawyer*, Case No. 4:26-cv-531-NCC (E.D. Mo.).

## The Complaint

Plaintiff brings this 42 U.S.C. § 1983 action against the Madison County Jail in Illinois and Desiree A. Sawyer, Plaintiff's mother. ECF No. 1. Plaintiff alleges that he was arrested by Fairview Heights police officers in March 2024 due to failure to register as a sex offender. *Id*. at. 3. Plaintiff contends that he was lawfully registered at the time of his arrest. *Id*. He claims that his mother bribed the Madison County Police "to weaponize their resources against me." *Id*. at 4.  He claims

a conspiracy existed to keep him in jail so that Madison County's corruption would not be discovered. *Id*. He further claims a conspiracy between his mother and the City of Madison to demolish his home so that his mother could steal his inheritance from him. *Id*.

**Discussion**

Federal law requires this Court to dismiss a complaint filed *in forma pauperis* if, among other reasons, it is frivolous. 28 U.S.C. § 1915(e)(2). "[A] complaint … is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* Accordingly, the Court may dismiss "those claims whose factual contentions are clearly baseless," *id.* at 327, including those "allegations that are 'fanciful, fantastic, [or] delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 328). Although "[a]n *in forma pauperis* complaint may not be dismissed … simply because the [C]ourt finds the plaintiff's allegations unlikely," "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

Having carefully reviewed and liberally construed Plaintiff's complaint, the Court finds that the allegations are frivolous. Plaintiff alleges that his mother stole his inheritance, then bribed the Madison County Police Department to get Plaintiff illegally arrested and bribed the City of Madison to illegally demolish Plaintiff's home. Plaintiff does not allege how the Fairview Heights Police Department is involved in this alleged conspiracy, even though they pulled Plaintiff over and conducted the arrest about which Plaintiff complains. The allegations contained in the complaint are fanciful and rise to the level of the irrational or wholly incredible.

*See Denton*, 504 U.S. at 32-33. Thus, they are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

For the same reasons, the Court is convinced that there would be no substantial question for review and that an appeal would be futile. *Higgins v. Steele*, 195 F.2d 366, 369 (8th Cir. 1952). The Court will therefore certify that an appeal would not be taken in good faith. *See id.*; 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that, within 30 days of the date of this Order, Plaintiff must pay an initial filing fee of $1.00. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 27th day of May, 2026.

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE